**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION**

| | | |
|---|---|---|
| **MARCEL EDGAR REYES** | § | |
| | § | |
| **v.** | § | **1:22-CV-1385-LY** |
| | § | |
| **TRAVIS COUNTY** | § | |
| | § | |

**ORDER AND REPORT AND RECOMMENDATION
OF UNITED STATES MAGISTRATE JUDGE**

TO:   THE HONORABLE LEE YEAKEL
      UNITED STATES DISTRICT JUDGE

Before the Court is Petitioner Marcel Edgar Reyes' Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241, Dkt. 1, and Motion to Proceed In Forma Pauperis, Dkt. 2. The Court submits this Order and Report and Recommendation to the United States District Court pursuant to 28 U.S.C. § 636(b) and Rule 1 of Appendix C of the Local Court Rules of the United States District Court for the Western District of Texas, Local Rules for the Assignment of Duties to United States Magistrate Judges. The undersigned finds that Petitioner's Petition for Writ of Habeas Corpus should be dismissed without prejudice for the reasons set out below.

## I. IFP STATUS

After considering Reyes' financial affidavit, the Court finds that he is indigent. Accordingly, the Court **GRANTS** Reyes' Motion to Proceed In Forma Pauperis, Dkt. 2, and grants him in forma pauperis status in this case. Because Reyes has been granted leave to proceed in forma pauperis, the Court is required by standing order to review the action pursuant to 28 U.S.C. § 1915(e)(2).

1

## II. REVIEW UNDER 28 U.S.C. § 1915

Under 28 U.S.C. § 1915(e)(2)(B)(i), a district court may dismiss as frivolous a prisoner's IFP complaint if it lacks any arguable basis in law or fact. *See Neitzke v. Williams*, 490 U.S. 319, 325, (1989); *Harper v. Showers*, 174 F.3d 716, 718 (5th Cir. 1999); *McDonald v. Johnson*, 139 F.3d 1056, 1060 (5th Cir. 1998). "A complaint lacks an arguable basis in law if it is based on an indisputably meritless legal theory, such as if the complaint alleges violation of a legal interest which clearly does not exist." *Harper*, 174 F.3d at 718 (quoting *Davis v. Scott*, 157 F.3d 1003, 1005 (5th Cir. 1998)). A complaint is factually frivolous when "the facts alleged are 'fantastic or delusional scenarios' or the legal theory upon which a complaint relies is 'indisputably meritless.'" *Eason v. Thaler*, 14 F.3d 8, 9 n. 5 (5th Cir. 1994) (quoting *Neitzke*, 490 U.S. at 327-28).

A district court may dismiss a case under 28 U.S.C. § 1915 for failure to exhaust administrative remedies. *See Geiger v. Jowers*, 404 F.3d 371, 373 (5th Cir. 2005); *Rourke v. Thompson*, 11 F.3d 47, 49 (5th Cir. 1993). The undersigned finds that Petitioner's Petition for Writ of Habeas Corpus should be dismissed without prejudice for the reasons set out below.

## I. GENERAL BACKGROUND

Reyes is a pre-trial detainee confined at the Travis County Jail for bond violations and violating the terms of a protective order related to stalking. He states in his Petition that he is currently under indictment for: (1) three counts of stalking; (2) one count of terroristic threat; and (3) two counts of violation of a protective order.

2

The Travis County website shows that Reyes' latest offense date, a third degree felony for which he is currently in custody, was September 30, 2022. He complains that: (1) he has been waiting two years for trial; (2) the judge refuses to reduce his bond or release him; (3) he is only being offered felony plea deals; (4) claims related to the Texas Workforce Commission's failure to provide records that would further his defense; (4) First Amendment free speech violations; and (5) stacking of charges and indictments when there is "no reasonable imminency of bodily injury" because he is incarcerated.

## II. ANALYSIS

A state pretrial detainee or prisoner is entitled to raise constitutional claims in a federal habeas proceeding under § 2241. *See* 28 U.S.C. § 2241(c); *Dickerson v. Louisiana*, 816 F.2d 220, 224 (5th Cir. 1987), *cert. denied*, 484 U.S. 956 (1987). However, he must first exhaust available state court remedies as to each and every ground upon which he claims entitlement to habeas relief, whether he seeks relief pursuant to § 2241 or § 2254. *Dickerson*, 816 F.2d at 225; *Rose v. Lundy*, 455 U.S. 509 (1982). Generally, the exhaustion requirement is satisfied only when the grounds urged in a federal petition were first fairly presented to the state's highest court in a procedurally proper manner. *Dupuy v. Butler*, 837 F.2d 699, 702 (5th Cir. 1988). State remedies are ordinarily not considered exhausted so long as the petitioner may effectively present his claims to the state courts by a currently available and adequate procedure. *Braden v. 30th Judicial Circuit Ct of Ky.*, 410 U.S. 484, 489-92 (1973). This

entails submitting the factual and legal basis of any claim to the highest available state court for review. *Carter v. Estelle*, 677 F.2d 427, 443 (5th Cir. 1982). A Texas pretrial detainee must present his claim to the Texas Court of Criminal Appeals. *See Deters v. Collins*, 985 F.2d 789, 795 (5th Cir. 1993); *Richardson v. Procunier*, 762 F.2d 429, 432 (5th Cir. 1985).

In the pre-conviction context, a Texas pretrial detainee confined after a felony indictment may file an application for writ of habeas corpus with the judge of the court in which he is indicted. Tex. Code Crim. Proc. § 11.08. If the trial court denies habeas relief, the applicant's remedy is to take a direct appeal to an intermediate appellate court and then petition for discretionary review by the Texas Court of Criminal Appeals. *See, e.g.*, *Ex parte Twyman*, 716 S.W.2d 951, 952 (Tex. Crim. App. 1986) (citing *Ex parte Payne*, 618 S.W.2d 380, 382 n.5 (Tex. Crim. App. 1981)). A state pretrial detainee may be excused from the exhaustion requirement only if he shows exceptional circumstances or peculiar urgency. *Deters*, 985 F.2d at 795.

A total exhaustion rule promotes comity and does not unreasonably impair a prisoner's right to relief. *Rose*, 455 U.S. at 523. The state courts must be given a fair opportunity to hear and consider the claims raised by an applicant before those claims are heard in federal court. *Picard v. Connor*, 404 U.S. 270, 275 (1971). A petitioner may be excused from the exhaustion requirement only if he can show exceptional circumstances of peculiar urgency. *Deters,* 985 F.2d at 795. A federal district court may take notice *sua sponte* of the lack of exhaustion. *Shute v. Texas*, 117 F.3d 233, 237 (5th

4

Cir. 1997). Federal courts can dismiss without prejudice the entirety of a federal habeas petition that contains any unexhausted grounds for relief. *See Rose*, 455 U.S. at 510; *Thomas v. Collins*, 919 F.2d 333, 334 (5th Cir. 1990), *cert. denied*, 501 U.S. 1235 (1991).

Because Reyes seeks relief pursuant to 28 U.S.C. § 2241, he must comply with the statutory and jurisprudential requirements concerning exhaustion of available state court remedies. Reyes does not indicate nor do the Travis County Court records reflect that he has filed a petition with the 450th District Court, the Third Court of Appeals, or the Texas Court of Criminal Appeals. Reyes has thus not exhausted the claims presented in his § 2241 petition. In addition, he has not shown that he should otherwise be excused from the exhaustion requirement due to exceptional circumstances warranting federal intrusion at this juncture. Accordingly, the Petition should be dismissed for failure to exhaust all available state court remedies.

Additionally, under the *Younger* abstention doctrine, a federal court should abstain from exercising its jurisdiction when to do so would result in the interference in the course of an ongoing state criminal proceeding except in the most extraordinary circumstances and on a clear showing of both great and immediate harm. *Younger v. Harris*, 401 U.S. 37, 43-45 (1971). "Federal habeas relief prior to a pending state criminal trial is [no] different from the type of relief sought in *Younger*." *Kolski v. Watkins*, 544 F.2d 762, 766 (5th Cir. 1977). All prerequisites for abstention under *Younger* are met. The District Court should decline to exercise jurisdiction over this

5

case pursuant to the *Younger* abstention doctrine and dismiss Reyes' 28 U.S.C. § 2241 application.

### III. RECOMMENDATION

Based upon the foregoing, the undersigned **HEREBY RECOMMENDS** that the District Court **DISMISS WITHOUT PREJUDICE** Marcel Edgar Reyes' Petition for Writ of Habeas Corpus pursuant to § 2241, Dkt. 1. The referral to the undersigned is hereby **CANCELED**.

### IV. CERTIFICATE OF APPEALABILITY

An appeal may not be taken to the court of appeals from a final order in a habeas corpus proceeding "unless a circuit justice or judge issues a certificate of appealability." 28 U.S.C. § 2253(c)(1)(A). A certificate of appealability may issue only if a movant has made a substantial showing of the denial of a constitutional right. 28 U.S.C. § 2253(c)(2). The Supreme Court fully explained the requirement associated with a "substantial showing of the denial of a constitutional right" in *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). In cases where a District Court rejected a movant's constitutional claims on the merits, "the petitioner must demonstrate that reasonable jurists would find the District Court's assessment of the constitutional claims debatable or wrong." *Id.* "When a District Court denies a habeas petition on procedural grounds without reaching the petitioner's underlying constitutional claim, a COA should issue when the petitioner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of

reason would find it debatable whether the District Court was correct in its procedural ruling." *Id.*

In this case, reasonable jurists could not debate the dismissal of Petitioner's habeas petition on procedural grounds, nor find that the issues presented are adequate to deserve encouragement to proceed. *Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003) (citing *Slack*, 529 U.S. at 484). Accordingly, it is respectfully recommended that the Court not issue a certificate of appealability.

## V. WARNING

Within 14 days after receipt of the magistrate judge's report, any party may serve and file written objections to the findings and recommendations of the magistrate judge. 28 U.S.C. § 636 (b)(1)(C). Failure to file written objections to the proposed findings and recommendations contained within this report within 14 days after service shall bar an aggrieved party from de novo review by the district court of the proposed findings and recommendations and from appellate review of factual findings accepted or adopted by the district court except on grounds of plain error or manifest injustice. *Thomas v. Arn*, 474 U.S. 140, 148 (1985); *Rodriguez v. Bowen*, 857 F.2d 275, 276-77 (5th Cir. 1988).

SIGNED February 22, 2023.

DUSTIN M. HOWELL
UNITED STATES MAGISTRATE JUDGE